22 CV 843-JLS

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

Revised 07/07 WDNY

Tyrone McDowell
_____
_____
Name(s) of Plaintiff or Plaintiffs

**Jury Trial Demanded: Yes** ✓ **No____**

-vs-

Denis McDonough, Secretary
Department of Veterans Affairs
(Veteran Health Administration
Name of Defendant or Defendants

**DISCRIMINATION COMPLAINT**
_____-CV-_____

UNITED STATES DISTRICT COURT
FILED
NOV 4 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND** a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

**Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

✓_____   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).
         **NOTE**: In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
         **NOTE**: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
         **NOTE**: In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of

Additional Defendant

Michael Swartz
3495 Bailey Avenue
Buffalo. N.Y. 14215

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

_____     New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1.     My address is: 6864 Forestview Drive
Lockport, N.Y. 14094

My telephone number is: (716) 260 - 0501

2.     The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

Name: VA Western New York Healthcare System (VAWNYHS)

Number of employees: 1

Address: 3495 Bailey Avenue
Buffalo, N.Y. 14215

3.     (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked.  (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

Name: Denis McDonough, Secretary of Department of Veterans Affairs
Address: 810 Vermont Ave, NW
Washington DC 20571

## CLAIMS

4.     I was first employed by the defendant on (date): August 24, 2003

5.   As nearly as possible, the date when the first alleged discriminatory act occurred is: ~~November 2016~~ $^{TH}$
My First EEOC claim was Filed December 20, 2016. However, previous discriminatory acts go back as far as 2010.

6.   As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): Approximately ~~November~~ January 2017, November 2017 January 2018

7.   I believe that the defendant(s)

a. _____      Are still committing these acts against me.
b. ✓       Are not still committing these acts against me.
(Complete this next item **only** if you checked "b" above)   The last discriminatory act against me occurred on (date) November / December 2019

_____

8.   (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

The date when I filed a complaint with the New York State Division of Human Rights is
N/A
_ (estimate the date, if necessary)

I filed that complaint in (identify the city and state): _____ N/A _____

The Complaint Number was: _____ N/A _____

9.   The New York State Human Rights Commission did _____ N/A _____ /did not _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10.   The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: _____ January 15, 2020 _____

11.   The Equal Employment Opportunity Commission (did) _____ /did not _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12.   The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: _____ August 8, 2022 _____. (**NOTE:** If it

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

    a. _____ Failure to provide me with reasonable accommodations to the application process

    b. _____ Failure to employ me

    c. _____ Termination of my employment

    d. _____ Failure to promote me

    e. _____ Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

    f. _____ Harassment on the basis of my sex

    g. _____ Harassment on the basis of unequal terms and conditions of my employment

    h. _____ Retaliation because I complained about discrimination or harassment directed toward me

    i. _____ Retaliation because I complained about discrimination or harassment directed toward others

    j. _____ Other actions (please describe) _Reprisal due to previous EEOc Activity_

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

    a. ⟍ Race

    b. ⟍ Color

    c. _____ Sex

    d. _____ Religion

    e. _____ National Origin

    f. _____ Sexual Harassment

    g. _____ Age

    _____ Date of birth

    h. ⟍ Disability
Are you incorrectly perceived as being disabled by your employer?
\_\_\_\_ yes \_\_\_ no

15. I believe that I (was)_____/was not \_\_\_\_\_ **intentionally** discriminated against by the defendant(s).

16.  I believe that the defendant(s) is/are _____ is not (are not) _____ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _January 2020_ and why the defendant(s) stopped committing these acts against you: _____ I have not identified or been made aware of any other acts at this time _____

17.  **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE:** You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18.  The Equal Employment Opportunity Commission *(check one)*:
     _____ **has not** issued a Right to sue letter
     _✓_ **has** issued a Right to sue letter, which I received on _August 3, 2020_

19.  State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

     Complainant believes he has been subjected to discrimination, Retaliation, Harassment, Hostile Work Environment on the basis of his race, color, disability and Reprisal based on previous protected Activity. Please See Attachment for additional information.

**FOR LITIGANTS ALLEGING AGE DISCRIMINATION**

20.  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
     _____ 60 days or more have elapsed     _____ less than 60 days have elapsed

**FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM**

21.  I first disclosed my disability to my employer (or my employer first became aware of my disability on _____

22. The date on which I first asked my employer for reasonable accommodation of my disability is _____
_____

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: _____
_____
_____
__

24. The reasonable accommodation provided to me by my employer were _____/were not _____ effective.

**WHEREFORE,** I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorneys fees.

Dated: __11|4|2022__                    _____
                                                        Plaintiff's Signature

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**Plaintiff:** Tyrone McDowell

19.   State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need.  Attach extra sheet if necessary.)*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**Plaintiff:** Tyrone McDowell

**On October 31, 2019, Plaintiff, who had been out on workers compensation, received an order from Medical Center Director Michael Swartz to return to duty no later than November 16, 2019:**

At the time of the actions giving rise to this complaint the Plaintiff was approved by the Office of Workers' Compensation Program (OWCP) for federal workers compensation benefits from his position as Health Systems Specialist at the Buffalo VAMC, effective June 22, 2017. Subsequently, the Buffalo VAMC placed Plaintiff in a Leave Without Pay (LWOP) status.  Approved Federal Workers Compensation is considered a protective status.  Leave Without Pay is guided by Department of Veterans Affairs policy and there are specific provisions when applying LWOP to employees who has applied for workers' compensation and employees who have been approved for workers' compensation benefits.  In efforts, to understand his rights, Plaintiff made numerous requests to be provided the LWOP policy. The Buffalo VAMC refused to provide Plaintiff with LWOP policy. *VA Handbook 5011* is the policy that give guidance to the application of LWOP.  *See attached VA Handbook 5011/16 Part III, Chapter 3.*

Per VA Handbook 5011/16 Part III, Chapter 3:

**Leave Without Pay (LWOP) –** employees who are disabled on the job and file a claim with the OWCP may be granted LWOP for the entire period of absence from duty. LWOP may also be granted in cases of employees who have made application for disability retirement.  LWOP in these circumstances may be granted until it is judged that the employee will not be able to return to duty and may be granted regardless of whether or not the employee has annual leave.

**Leave in Cases of Extended Absences –** In a case where an employee's conditions require extended absence because of duty-connected illness or injury, the length of LWOP granted will be determined on the basis of the nature of the disability and the LWOP criteria contained in this paragraph.  If OWCP accepts an employee's claim but does not determine that the employee is permanently and totally disable, LWOP should be granted during this period, except in case of an overriding requirement for separation, such as staff adjustments or removal for cause.  LWOP in yearly increments will be granted until it is judged that the employee will not be able to return to duty. *See attached VA Handbook 5011/16, Part III, Chapter 3*

Plaintiff received a Return to Duty Letter from Mr. Swartz, Medical Center Director, dated October 28, 2019, and a subsequently another dated November 6, 2019. ROI, at 31.  Upon receipt (November 6, 2019) of the Return to Duty Letter Plaintiff responded to Mr. Swartz via email. In the email Plaintiff informed Mr. Swartz that he perceived his order to be hostile, intimidating and bullying and after reading the order it exacerbated his diagnosed symptomology. Plaintiff reminded Mr. Swartz of the reason he was out from work on approved workers' compensation.  Plaintiff's treating physician and the Department of Labor had agreed that Plaintiff's diagnosed symptoms which caused him to be absence from work is causally related to a sustained period of unfair treatment by the Buffalo VAMC. Plaintiff asked Mr. Swartz to provide him with the VA policy that is guiding his Return to Duty Letter as well as the policy that quantifies excessive amount of LWOP. Mr. Swartz refused to provide Plaintiff with the requested VA policies.  VA LWOP policy states in the case where OWCP accepts an employee's claim but does not determine that the employee is permanently and totally disabled, LWOP should be granted during this period, except in a case of an overriding requirement for separation, such as staff adjustments or removal for cause. *See attached VA Handbook 5011/16, Part III, Chapter 3* .  None of these requirements have been met.  Therefore, Plaintiff informed Mr. Swartz that he should have never received the Return to Duty Letter. Plaintiff asked Mr. Swartz to provide the VA policy that gives him the authority to order him to return to work while superseding Plaintiff's treating physician's order not to return to work. Mr. Swartz refused to provide Plaintiff with the requested VA policies. *See* ROI, at 102-103. Plaintiff informed Mr. Swartz that he is appalled that he was issued correspondence of the magnitude of a Return to Duty Letter was without the reference of any Department of Veterans Affairs rules, regulations and employee rights and responsibilities. *See* ROI, at 102-103.

In 2017 Plaintiff received a Return to Duty letter from his supervisor Dr. Stringfellow, Chief of Staff at the time. In efforts to understand his rights Plaintiff consulted with HR. Plaintiff was informed by HR since he had a Workers Compensation Claim pending his absence was covered.  However, if his Workers Compensation Claim was denied, he would need to use FMLA. ROI, at 31.  Richard Covert, Human Resources Supervisor is the individual that provided Plaintiff the consultation. During this consultation Mr. Covert confessed to that he informed Dr. Stringfellow that Plaintiff had a pending Workers Compensation Claim and there were no grounds to send Plaintiff a Return to Duty Letter and that the fact that Plaintiff had a pending Workers Compensation Claim placed him is a protected status. Mr. Covert stated Dr. Stringfellow replied send the letter out any ways and don't inform Plaintiff that his pending Workers

Compensation Claim protect his status.  ROI, at 37.

Richard Covert no longer works at the Buffalo VAMC. He has moved on to another VAMC.  However, Plaintiff recommended to Investigator to contact Mr. Covert for clarification on Workers Compensation and its protective status as it pertains to LWOP policy. Plaintiff provided the Investigator Richard Covert contact information. ROI, at 37.  *See attached Return to Duty Letter Dated July 7, 2017.*  Plaintiff received a Return to Duty Letter less that one month of being approved for workers' compensation.

This alone debunks the Agency's reasoning why they issued Plaintiff a Return to Duty. The Agency reason is that the Return to Duty letter is issued to individual with excessive LWOP over one year.  The question now is, if that is the case why did Plaintiff receive a Return to Duty Letter less than a month after being approved for workers compensation?  As alluded to by Richard Covert and confirmed by Aretha Jordan, the previous Workers' Compensation Specialist, the Agency uses Return to Duty Letters at their convenience to threaten removal from federal employment and to intimidate employees who are on workers compensation into Retirement Disability.

Per VA Handbook 5011, there was no need for Plaintiff to pursue Reasonable Accommodation or Disability Retirement. *See attached VA Handbook 5011/16, Part III, Chapter 3*.  The Plaintiff is not determined to be permanently and totally disabled.  Even if this was the case, the Agency is not in compliant with their own Reasonable Accommodation policy  The Reasonable Accommodation policy state that the Agency is required to interactively engage with the employee at the point of disability awareness and continuously throughout the process, which the Buffalo VAMC did not. If the Buffalo VAMC was compliant with its own policy and was genuine about their efforts of reconnecting with Plaintiff they would have contacted him in January of 2017 to initiate the Reasonable Accommodation Process. when they were initially made aware of Plaintiff's disability vice sending him a Return to Duty Letter dated October 28, 2019. Plaintiff is not considered permanent and totally disabled therefore he does not meet the Disability Retirement requirements. The Agency never provided Plaintiff with the Reasonable Accommodation or the LWOP policy.

Plaintiff is in a protected status, therefore there was no need for Plaintiff to pursue Reasonable Accommodation or Disability Retirement. *See* attached VA Handbook 5011/16, Part III, Chapter 3.  The Agency's reason for ordering Plaintiff to Return to Duty goes against their own policy. *See* attached VA Handbook 5011/16, Part III, Chapter 3. Therefore, there was no need for Plaintiff to return to work on November 6, 2019.  Mr. Swartz does not have the authority to supersede Plaintiff's treating physician order to not return to work. The Agency did not provide Plaintiff with LWOP, Reasonable Accommodation or Disability Retirement policies. The Buffalo VAMC did consult with Plaintiff's doctor or OWCP prior to issuing Plaintiff an Order to return to work.

Even after Plaintiff expressed to Mr. Swartz how the initial Order to Return to Duty Letter negatively impacted him, by exacerbating his diagnosed symptomology, Mr. Swartz subsequently sent Plaintiff another Order to Return to Duty. *See*  ROI, at 37.

**On December 3, 2019, Plaintiff was made aware that a reprimand stemming from an incident that took place in July of 2013 was placed into Plaintiff's employee record:**

In December 2019, Plaintiff was engaged in discovery with the Agency on a prior EEO matter.  This is the EEO complaint and process that is in close proximity of the Agency's continued Retaliatory Harassment as it pertains to protected EEO activity. In this claim the Agency was found guilty of Retaliation. *See* EEOC Hearing No.: 520-2019-00240X/520-2019-00283.

Plaintiff should have never had a retention file. Plaintiff was issued a reprimand on July 18, 2013. The reprimand states the following: A copy of this reprimand will be placed in your official personnel folder (OPF). You may, if

you wish, make a written reply in explanation of your conduct. If you do, it will also be placed in your OPF. The reprimand will remain in your folder for 3 years, or it may be withdrawn and destroyed after 2 years, depending entirely on your future behavior and attitude. During this time, it may be used in determining an appropriate penalty if further infractions occur. *See* ROI at 122. Plaintiff was informed by Donna Tuttle, Human Resources Manager at the time that he should submit a grievance. Ms. Tuttle informed Plaintiff that she thought that it would be in his best interest. Plaintiff overhead a conversation between Donna Tuttle and Dr. Miguel Rainstein, Chief of Staff at the time. Ms. Tuttle stated to Dr. Rainstein that she did not understand why Mr. Jason Petti, Associate Medical Center Director was pushing for the Plaintiff to receive a reprimand because she did not believe Plaintiff's actions met the requirements of a reprimand.  Dr. Rainstein responded he felt the same.  Dr Rainstein informed Ms. Tuttle that Plaintiff had come to him previously because he had heard that Mr. Petti did not like him, and that Mr. Petti was overheard telling staff he was going to fire Dr. Rainstein ended the conversation by saying I will have Plaintiff submit the grievance.  Plaintiff submitted his grievance on August 1, 2013. *See attached Grievance dated August 1, 2013*. On August 12, 2013, Plaintiff received an Informal Grievance Decision. The Grievance Decision stated the following: Based on the apparent confusion regarding information in an Employee's versus Veteran's record and the appropriate purposes for accessing those records, I have decided to reduce the reprimand to a written counseling. *See attached Informal Grievance Decision dated August 12, 2013*.  The issue here is not whether the retention file is assessable to others aside from HR or whether or not it can be used in any decisions pertaining to an employee's employment. The question is why is the Buffalo VAMC providing a Reprimand from 2013 on Plaintiff during a discovery that took place in December of 2019, when Plaintiff should have never had a retention file and no Reprimand should exist. Plaintiff feels this is retaliatory harassment.

Per the Informal Grievance Decision, On August 12, 2013 the Reprimand was reduced to a written counseling. Therefore, the Reprimand should have been deleted as if it never existed. No hard copy should have ever been kept nor should Plaintiff have had a retention file. *See attached Informal Grievance Decision dated*

*August 12, 2013.*  In the Agency's own Reprimand issued to Plaintiff it does not state the Agency has the right or authority to maintain a hard copy on file for seven years. The Agency issued Reprimand specifically states; The reprimand will remain in your folder for 3 years, or it may be withdrawn and destroyed after 2 years. See ROI, at 122. The Agency is not in compliance with their own issued reprimand.  Plaintiff reviewed the VA Record Control Schedule Handbook 10-1, page 136 that the Agency used for their reasoning to be able to maintain a hard copy of Plaintiff's reprimand for seven years. The provision depicts letters of reprimand as a subsequent action of a Record of adverse action. Records of adverse actions are illustrated as follows: Suspension, Removal, Reduction in Grade, Reduction in Pay or Furlough. *See* VA Record Control Schedule Handbook 10-1, page 136. Plaintiff's actions do not meet any of the Records of adverse actions. Per this policy  Plaintiff never should have received a letter of Reprimand. Therefore, the Agency never should have issued Plaintiff a Reprimand nor should have the Agency maintained a hard copy reprimand on Plaintiff for seven years. The Record Control Schedule Handbook also states that the Agency should have maintained in the employee file the following: statements of grievance, support documentation, evidence, statements of witnesses, records of interviews and hearings, examiner's findings, recommendations, decisions. See VA Record Control Schedule Handbook 10-1, page 136. If the Agency is following this policy, why did the Agency strategically omit Plaintiff's grievance dated August 1, 2013 and Dr. Miguel Rainstein's Informal Grievance Decision dated August 12, 2013. *See* attach Agency Grievance dated August 1, 2013, and *See* attached Informal Grievance Decision dated August 12, 2013.

VISN 2 Human Resource Management confirmed that the Reprimand was reduced to a written counseling and even if the Reprimand had not been reduced to a written counseling, it would have become void in July 2016 and expunged.  ROI, at 23.  The Agency refused to provide the Decision effecting the action, Grievance or appeal correspondence as requested.  ROI, at 25-26.

## 10. LEAVE WITHOUT PAY (LWOP)

### a. General

(1) Leave without pay is a temporary nonpay status and absence from duty to be granted only on the employee's request. The authorization of LWOP is a matter of administrative discretion.

(2) An employee cannot demand that LWOP be granted as a matter of right except in the case of [FMLA leave and] disabled veterans who are entitled to LWOP if necessary for medical treatment under Executive Order 5396; and reservists and members of the National Guard who are entitled to LWOP if necessary to perform military training duties

(3) Employees who are disabled on the job and file claims with the OWCP may be granted LWOP for the entire period of absence from duty. LWOP may also be granted in cases of employees who have made application for disability retirement. LWOP in these circumstances may be granted until it is judged that the employee will not be able to return to duty and may be granted regardless of whether or not the employee has annual leave.

(a) **Substitution of Annual or Sick Leave for LWOP.** An employee who is on LWOP pending adjudication of a claim with OWCP may, if the claim is disallowed while still employed, be retroactively granted sick and annual leave.

(b) **Substitution of LWOP for Annual or Sick Leave.** An employee who has used sick leave or annual leave pending adjudication of an OWCP claim, which is later approved, should be informed by the human resources office about procedures for "buying back" the leave. This can be accomplished by the employee's election to be placed in a no pay status for the period and by the employee's authorization for the OWCP to reimburse the agency for leave used based on compensation entitlement (with the employee receiving or paying the difference). The substitution should be made promptly and the OWCP will be notified of proposed change in the employee's last day in pay status. For leave record purposes, the request for substitution must be made within 1 year of approval of the OWCP claim, unless it is administratively determined that the employee was prevented from exercising this option because of the disability which gave rise to the claim. In such case, the employee may exercise the option within 1 year of the time it is determined that the employee has sufficiently recovered from the disability to enable the employee to make a reasoned decision. The employee's election should be in writing and is not subject to revocation.

(c) **LWOP in Cases of Extended Absence.** In a case where an employee's condition requires extended absence because of duty-connected illness or injury, the length of LWOP granted will be determined on the basis of the nature of the disability and the LWOP criteria contained in this paragraph. If OWCP accepts an employee's claim, but does not determine that the employee is permanently and totally disabled, LWOP should be granted during this period, except in case of an overriding requirement for separation, such as staff adjustments or removal for cause. LWOP in yearly increments will be granted until it is judged that the employee will not be able to return to duty.



**U.S. Department
of Veterans Affairs**

**NY/NJ VA Health Care Network
VA Western New York Healthcare System**
3495 Bailey Avenue | Buffalo, NY 14215
716-834-9200

222 Richmond Avenue | Batavia, NY 14020
585-297-1000

**www.buffalo.va.gov**

July 7, 2017

Tyrone McDowell
6864 Forestview Drive
Lockport, New York 14094

SUBJ: Return to Duty

You have been absent from work since January 27, 2017 as a full-time Health Systems Specialist, GS-12, in the Office of the Chief of Staff, VA Western New York Healthcare System, Buffalo, NY.  Based upon your medical condition, your absence from duty for this period may have been for compelling reasons, however, our approval or disapproval of leave is immaterial.

Your absence from work has been excessive and has lasted beyond a reasonable period of time.  As your supervisor, I need to know your plans for returning to duty, as your position as a Health Systems Specialist is a critical position that needs to be filled by an employee available for duty on a full-time basis.  While I am concerned about your health and well-being, your continued absence impacts co-workers and adversely affects our ability to accomplish the workload in the Office of the Chief of Staff.

Please be advised that if you do not become available for duty by July 14, 2017, I will be prepared to initiate action to separate you from the Federal Service based on your excessive absence.  Please note, however, that this does not affect your rights for disability retirement through the Office of Personnel Management (OPM).  If you have any questions regarding disability retirement you may contact the VISN 2 Retirement Unit at (877) 556-5894.

Our records indicate you submitted FMLA paperwork in November 2016 for your own serious health condition.  However, the current medical condition(s) you have been absent for during this time period are not listed on the paperwork submitted or invoked as an additional FMLA request for review.  You have exhausted all your accrued leave, to include advanced sick leave, and you are being carried in a Leave Without Pay (LWOP) status through July 14, 2017.  After that date any absence on your part will be considered Absent Without Leave (AWOL) and will be annotated on your timecards as such.  As you are aware, you may be entitled to a total of up to 12 workweeks of unpaid leave under the Family and Medical Leave Act (FMLA) for the following purposes:

- the care of spouse, son, daughter, or parent of the employee who has a serious health condition;

- a serious health condition of the employee that makes the employee unable to perform the essential functions of his or her positions; or any qualifying exigency arising out of the fact that your spouse, son, daughter, or parent is a covered military member on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

If you wish to request leave under FMLA due to your own or a qualifying family member's serious health condition, you must re-certify or submit your request immediately. If you are requesting leave under FMLA due a serious health condition, your request must include, at a minimum:

- The date the serious health condition commenced; and

- The probable duration of the serious health condition or specify that the serious health condition is a chronic or continuing condition with an unknown duration and whether the patient is presently incapacitated and the likely duration and frequency of episodes of incapacity; and

- The appropriate medical facts within the knowledge of the healthcare provider regarding the serious health condition, including a general statement as to the incapacitation, examination, or treatment that may be required by a healthcare provider; and

If the certification is for your serious health condition, a statement that you are unable to perform one of more of the essential functions of your position or require medical treatment for a serious health condition; **or**

- If the certification is for a family member's serious health condition:

  - a statement from the health care provider that the qualifying family member requires psychological comfort and/or physical care; needs assistance for basic medical, hygienic, nutritional, safety, or transportation needs or in making arrangement to meet such needs; and would benefit from your care or presence; and

  - a statement from you on the care you will provide and an estimate of the amount of time needed to care for your family member.

This information must be on either the official letterhead of your primary care physician or attending physician, with name, address and telephone number on the letterhead, or Department of Labor WH-380-E form (www.dol.gov/whd/forms/). If you have any specific questions concerning your entitlement, or wish to request leave under a different portion of FMLA, you may contact Lanny Lederhouse, HR Specialist, at (716) 862-6795.

If you have a medical condition that affects your ability to perform the essential functions of your position or to enjoy the benefits of employment, you may request a reasonable accommodation to assist you. If you would like to pursue a reasonable accommodation, please contact Matthew Sullivant, Human Resources Specialist (ER/LR), at (716) 862-

7356.  However, you are still expected to return to work on a regular basis, or make other arrangements.

If your absences are in any way attributable to personal problems, the services of the Employee Assistance Program (EAP) are available to you.  You may contact EAP by contacting Katherine Smythe, EAP Manager, at (716) 862-3111.  However, you are still expected to return to work on a regular basis, or make other arrangements.

GRACE L. STRINGFELLOW, M.D.
Chief of Staff
VA WNY Healthcare System



**VA Health Care Upstate New York**
**VA Western New York Healthcare System**
3495 Bailey Avenue | Buffalo, NY 14215
222 Richmond Avenue | Batavia, NY 14020
**www.buffalo.va.gov**

FOR OFFICIAL USE ONLY

August 1, 2013

Miguel A. Rainstein, M. D., FACS
Chief of Staff
VA WNY Healthcare System
3495 Bailey Avenue

**SUBJ:** Agency Grievance

1. I am requesting an informal grievance under the VA grievance procedure.

2. This grievance is based on a reprimand dated July 18, 2013, charging me with inappropriate conduct. Specifically, stating the following: "Using your position to have an employee, who did not have a need to know in the performance of her job, access a Veteran record to obtain personal information for your use is inappropriate".

3. I am respectfully requesting that this reprimand be withdrawn due to lack of evidence supporting the charge of inappropriate conduct.

Ty McDowell, MBA
Health System Specialist

Attachment(s)
Response to reprimand dated July 18, 2013 (from Ty McDowell)
Letter regarding reprimand dated July 18, 2013 (from India Hargro)

# Department of
# Veterans Affairs

# Memorandum

**Date:**   August 12, 2013

**From:**   Chief of Staff

**Subj:**   Informal Grievance Decision

**To:**   Tyrone McDowell
**Thru:**

1. This is in response to your informal grievance dated August 1, 2013 regarding the reprimand you were issued on July 18, 2013.

2. I have reviewed the information you provided to include your statement dated July 18, 2013 and the statement from India Hargro dated July 18, 2013, as well as the evidence file for the reprimand. I obtained clarifying information regarding patient records for individuals who are both an Employee and a Veteran, as well as what is appropriate access and use of those records.

3. You explained in your statement the reason why you needed to obtain the phone number of the employee who you believed may have removed the Controlled Substance Binder from your office. You also noted that your request of Ms. Hargro was to access an employee's administrative record for official use and that deemed your action to be appropriate.

4. You further noted that you never used your position nor intimated Ms. Hargro in any way, form nor fashion when requesting the employee's phone number. You noted that as a previous employee of the Veteran Service Center that you are aware that your request falls within the scope of Ms. Hargro's duties and that is why you made the request. You indicated that it is your understanding that in the performance of Ms. Hargro's job she has a need to know such information and that is why she possesses the keys to administratively access employee information.

5. I believe in this instance there was some confusion regarding the information in the patient record of an individual who is both an Employee and a Veteran and the appropriate purposes for accessing those records to obtain and use information. As you know, the individual whose record was accessed is both an Employee and a Veteran. The personal information, to include her home phone number, is located in her Veteran record. The patient record for an individual who is an Employee, but not a Veteran, is established by Employee Health and does not contain personal information such as a home phone number. While personal information about a Veteran/Employee is in their record, it should only be accessed as needed for purposes related to their care and treatment as a Veteran pateint. This system of patient records is not an administrative repository for employee information and should not be treated or accessed as such.

2
Tyrone McDowell

6. I understand the circumstances and the pressure you were under to locate the Controlled Substance Inspection Program Binder for the upcoming Office of Inspector General (OIG) review the following week. However, as important as it was for you to find the binder, it did not give you the authority to ask another employee to act outside of her job duties and inappropriately access a sensitive record on your behalf. While it may not have been your intent, there was an impression given that because you worked in the Director's Office that you had the authority to ask for Ms. Hargro for this information, even though it was outside of her job duties to provide.

7. Based on the apparent confusion regarding information in an Employee versus Veteran record and the appropriate purposes for accessing those records, I have decided to reduce the reprimand to a written counseling.

8. If you are not satisfied with this decision, you may present your grievance in writing under the formal procedure. Your formal grievance must be filed with the Medical Center Director within 10 calendar days after your receipt of this decision notice.

9. If you have any questions concerning the formal grievance procedure, you may contact Donna Tuttle, Human Resources Specialist at 862-6001 for assistance.

MIGUEL A. RAINSTEIN, M.D., FACS
Chief of Staff

January 2020   *Taken From VA Record Schedule Handbook 10-1 Page 136*

| Item Number | Records Description | Disposition Instructions | Dispo Auth |
|---|---|---|---|
| 0.6 | **Administrative Grievance, Disciplinary, Performance-Based, and Adverse Action Case Files.**<br><br>Includes:<br><br>- Records of grievances filed by covered entities (for instance, employees who are not members of a bargaining unit).<br>  - statement of grievance, supporting documentation, and evidence<br>  - statements of witnesses, records of interviews and hearings<br>  - examiner's findings, recommendations, decisions<br><br>- Records of disciplinary and performance-based actions against employees.<br>  - performance appraisal, performance improvement plans, and supporting documents<br>  - recommended action, employee's reply<br>  - records of hearings and decisions<br>  - records of appeals<br><br>- Records of adverse actions (suspension, removal, reduction in grade, reduction in pay, or furlough) against employees.<br>  - proposed adverse action, employee's reply<br>  - statements of witnesses<br>  - records of hearings and decisions<br>  - letters of reprimand<br>  - records of appeals<br><br>**NOTE:** Letter of reprimand filed in an employee's Official Personnel File is scheduled by GRS 2.2, item 041. | **Temporary.** Destroy no sooner than 7 years after case is closed or final settlement on appeal, as appropriate. | GRS 2. 060<br><br>DAA-G 2018-0( 0006 |
| .7 | **Dislocated Worker Program Case Files.**<br>Includes applications, registrations, and supporting documentation. | **Temporary.** Destroy 1 year after employee eligibility for program expires, but longer disposition is authorized if required for business use. | GRS 2.3 030<br><br>DAA-GR 2018-00( 0003 |

13



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Tyrone McDowell, a/k/a
Donny F.,[1]
Complainant,

v.

Denis R. McDonough,
Secretary,
Department of Veterans Affairs,
Agency.

Request No. 2022002281

Appeal No. 2021001503

Hearing No. 520-2020-00461X

Agency No. 200H-0528-2020101310

## DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Donny F. v. Dep't of Veterans Affairs, EEOC Appeal No. 2021001503 (Feb. 17, 2022). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

Complainant, a Health System Specialist at the Veterans Affairs Medical Center in Buffalo, New York, filed an EEO complaint alleging he was subjected to reprisal for prior protected EEO activity when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

1. On October 31, 2019, Complainant, who had been out on workers' compensation, received an order from the Medical Center Director to return to duty no later than November 16, 2019; and

2. On December 3, 2019, Complainant was made aware that a reprimand stemming from an incident that took place in July 2013 was placed into Complainant's employment record.

Following an investigation, Complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ assigned to the matter issued a summary judgment decision in favor of the Agency finding that Complainant was not subjected to reprisal as alleged. The Agency subsequently issued a final order fully adopting the AJ's decision. In the appellate decision, the Commission affirmed the final order.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision and reiterates arguments previously made on appeal. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2021001503 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

3                                    2022002281

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

August 02, 2022
Date

4                                        2022002281

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Tyrone McDowell
6868 Forestview Drive
Lockport, NY  14094
Via U.S. Mail

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
Via FedSEP

August 02, 2022
Date

*Sherie Callway*

Compliance and Control Division

COMPLAINT CASE NUMBER:

OMB NO.: 2900-0716
EXPIRATION DATE: DEC 31, 2019
RESPONDENT BURDEN: 30 Min.

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

*Read the instructions on the reverse side of this form carefully before completing the front of this form.*

| 1. NAME | 1. MAILING ADDRESS | 4a. WORK TELEPHONE NUMBER |
| --- | --- | --- |
| 2. EMAIL ADDRESS | | 4b. PRIMARY TELEPHONE NUMBER |

| 5. ARE YOU: | 6) JOB TITLE, SERIES AND GRADE | 7. NAME AND ADDRESS OF VA FACILITY WHERE DISCRIMINATION OCCURRED |
| --- | --- | --- |
| ☐ A VA EMPLOYEE | | |
| ☐ AN APPLICANT FOR EMPLOYMENT | 6) SERVICE SECTION/PRODUCT LINE | |
| ☐ A FORMER VA EMPLOYEE | | |

NOTE: For each employment related matter that you believe was discriminatory you must list the bases that one or more of the following:
Race (Specify) Color (Specify) Religion (Specify) Sex (Male or Female) National Origin (Specify) Age (Provide Date of birth),
Disability (Specify) Genetic Information   under Reprisal for participating in the EEO process or opposing unlawful discrimination.

| 8. BASIS | 9. CLAIM(S) | 10. DATE OF OCCURRENCE (Include the most recent date(s)) |
| --- | --- | --- |
| | | |
| | REMEDIES SOUGHT: | |

| 12a. DO YOU HAVE A REPRESENTATIVE? | 12. PROVIDE THE NAME AND ADDRESS OF YOUR REPRESENTATIVE | 12b. TELEPHONE NUMBER |
| --- | --- | --- |
| ☐ YES   ☐ NO | | |
| 12b. IF "YES", IS HE OR SHE AN ATTORNEY? | | 12c. EMAIL ADDRESS |
| ☐ YES   ☐ | | |

| 13a. HAVE YOU CONTACTED AN EEO COUNSELOR? | 13b. NAME OF EEO COUNSELOR | 13c. DATE OF INITIAL CONTACT WITH EEO |
| --- | --- | --- |
| ☐ YES   ☐ | | |

| 14. | | |
| --- | --- | --- |

| 15a. HAVE YOU FILED A UNION GRIEVANCE ON ANY CLAIM LISTED ABOVE? | 15b. IF "YES", LIST THE CLAIMS AND DATE GRIEVANCE FILED | 16a. HAVE YOU FILED AN APPEAL WITH THE MERIT SYSTEM PROTECTION BOARD "MSPB" ON ANY OF THE CLAIMS LISTED ABOVE? | 16b. IF "YES", LIST THE ISSUES AND DATE MSPB APPEAL FILED |
| --- | --- | --- | --- |
| ☐ YES   ☐ | | ☐ YES   ☐ NO | |
| 17a. HAVE YOU FILED THIS COMPLAINT WITH ANYONE ELSE? | 17b. IF "YES", PROVIDE THE NAME AND ADDRESS | | |
| ☐ YES   ☐ | | | |
| 18. SIGNATURE OF COMPLAINANT | | 19. DATE | |

VA FORM 4939
JAN 2017

SUPERSEDES VA FORM 4939, MAR 2013
WHICH SHOULD NOT BE USED



UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT
33 Whitehall Street, New York, NY 10004-2112

---

**In the matter of:**
**TYRONE McDOWELL,**
        **Complainant,**

        v.                          **DATE: December 7, 2020**

**ROBERT WILKIE, ACTING SECRETARY,**
**DEPT of VETERANS AFFAIRS,**
        **Agency.**

---

EEOC Hearing No.:   520-2020-00461X
Agency No.:          200H-0528-2020101310

---

### DECISION & ORDER ENTERING JUDGMENT
### ON AGENCY'S MOTION FOR DECISION WITHOUT A HEARING

Complainant filed an EEO complaint alleging discrimination based retaliation, in violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e). The record of investigation and
submissions by the parties show that there are no genuine issues of material fact in dispute.
Therefore, this complaint is appropriate for summary judgment. For the reasons set forth below,
the Agency's motion for summary judgment is GRANTED and the complaint is hereby
DISMISSED.

### I.      PROCEDURAL HISTORY AND SUBMISSIONS BY THE PARTIES

Complainant has satisfied the procedural prerequisites for the processing of the complaints by
the EEOC, as set forth in 29 C.F.R. §1614.101, et seq., which govern the administrative
processing of federal sector discrimination complaints. Complainant initially contacted an EEO
counselor on December 13, 2019, and then filed a formal complaint on January 15, 2020. ROI,
pp. 3, 5.

1

The letter further advised Complainant that his Worker's Compensation Claim would be unaffected by any potential adverse action.

4. Finally, the letter advised Complainant how to pursue a Reasonable Accommodation or a Disability Retirement, if either applied to Complainant's situation. See ROI 7-7, pp. 100-101.

5. Complainant did not pursue a Reasonable Accommodation or Disability Retirement. Complainant did not return to work on November 6, 2019. See ROI, 7-7, pp. 102-103.

6. On November 6, 2019, Complainant emailed Medical Center Director, Michael Swartz expressing his discontent with the letter and demanding an explanation and a notice from OAWP that the return to duty letter was compliant. See ROI, 7-7, pp. 102-103.

7. That same day Mr. Swartz responded to Complainant and explained to him that a Return to Duty letter is "routine correspondence issued to individuals with excessive LWOP over one year." He further explained that a Return to Duty letter is not an adverse action but rather "an attempt to reconnect with the employee to return to work, initiate disability retirement, or discuss potential reasonable accommodation if a medical condition prevents the employee from performing the essential functions of their position." See ROI 7-7, p. 104.

8. Mr. Swartz reached out to OAWP as requested by Complainant and OAWP advised Mr. Swartz:

> "OAWP does not have the authority to restrict a facility from following appropriate process as directed by VA policy/ handbooks. In this case, the VA Western New York may follow current established processes under OWCP in order to appropriately address this situation. As far as your inquiry regarding whether your facility is appropriately following policy/regulations, this matter should be reviewed by your regional OGC and/or local OWCP subject matter expert, as OAWP cannot consult local facilities on inquiries of this nature." ROI 7-2, p. 47.

9. Human Resource Staff in Buffalo are the local OWCP subject matter experts and made

3

relevant evidence of record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

To defeat a motion for summary judgment, a party must do more than show that there is some metaphysical doubt as to the material facts.  *Id.*  The non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587.  When the record as a whole does not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  *Id.*

Where the offered evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.  Summary judgment is also appropriate where the opposing party fails to establish a genuine issue of fact on an element essential to that party's case and on which that party bears the burden of proof. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Any doubt as to whether a fact is material is resolved in favor of the non-moving party for purposes of summary judgment.

      **b.  Hostile Work Environment Legal Standard**

To establish a *prima facie* case of hostile work environment harassment, a complainant must show that: (1) s/he belongs to a statutorily protected class; (2) s/he was subjected to harassment in the form of unwelcome verbal or physical conduct involving the protected class; (3) the harassment complained of was based on the statutorily protected class; (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment; and (5) there is a basis for imputing liability to the employer. *Johnson, et al v. Department of the Navy*, EEOC Appeal No. 0120073487, et al. (November 14, 2007).  The harassment standard applies to all protected classes.

The incidents comprising the hostile work environment must have been "sufficiently severe or pervasive to alter the conditions of complainant's employment and create an abusive working

time and in such a manner that a reprisal motive is inferred. *Lucas v. Dept. of the Navy*, EEOC Appeal No. 02-00242-004 (Aug. 10, 2006). The Commission generally has held that a nexus may be established if events occurred within one year of each other. *Patton v. Dept. of the Navy*, EEOC Request No. 05950124 (June 27, 1996); *Mallis v. United States Postal Service*, EEOC Appeal No. 01A55908 (Oct. 3, 2006); *but see Latham v. Postmaster General*, Appeal No. 0120102749 (December 23, 2010) (finding that a nine-month interval was insufficient to establish causal connection); *King v. Department of the Air Force*, EEOC Appeal No. 01A62609 (July 26, 2006) (finding that six-month interval of time did not support causal connection); *Knight v. Postmaster General*, EEOC No. 01A54821 (2006) (finding that a six-month interval did not support an inference of retaliation).

The Commission has a policy of considering retaliation claims with a broad view of coverage. *Carroll v. Dep't of the Army*, EEOC Request No. 05970939 (April 4, 2000). Under Commission policy, claimed retaliatory actions which can be challenged are not restricted to those which affect a term or condition of employment. Rather, a complainant is protected from any discrimination that is reasonably likely to deter protected activity. *See* EEOC Compliance Manual Section 8, "Retaliation," No. 915.003 (May 20, 1998), at 8-15; *see also Carroll,* supra.

Furthermore, the Commission has found that any action by an agency manager that interferes with an employee's rights or has the effect of intimidating or chilling the exercise of those rights under the EEO statutes constitutes a *per se* violation. *Binseel v. Dep't of the Army,* EEOC Request No. 05970584 (October 8, 1998) (complainant told that filing an EEO suit was the wrong way to go about getting a promotion); *Marr v. Dep't of the Air Force,* EEOC Appeal No. 01941344 (June 27, 1996); *Whidbee v. Dep't of the Navy,* EEOC Appeal No. 0120040193 (March 31, 2005); *Thornton-Brown v. United States Postal Service,* EEOC Appeal No. 0120101790 (September 2, 2010). However, petty slights and trivial annoyances are not actionable, as they are not likely to deter protected activity. *Meeker v. United States Postal Service*, EEOC Appeal No. 01A12137 (Aug. 23, 2002).

If a complainant establishes a *prima facie* case, the burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253 (1981). To ultimately prevail, a complainant must prove, by a

610 (1984). Local Agency policy dictates that these letters be sent out after 1 year in a LWOP status. ROI 7-2. I.  Thus, consistent with the established law and local policy, the Agency had a legitimate business reason for mailing Complainant with the Return to Duty Letters given the amount of time he had been out.

Regarding the inclusion of the reprimand in Complainant's file, in about December 2019, Complainant and the Agency were engaged in discovery on another EEO matter.  Complainant served a demand for "a copy of Complainant's employment records, including, but not limited to his Official Personnel Folder, performance file (*e.g.*, performance plans/standards, evaluations, etc.) supervisory file (*i.e.*, drop file), Human Resources file, Labor and Employee Relations file, and training record."[1]  The Agency determined that a request for a human resources file would include the employee's record retention file and accordingly disclosed the file to Complainant's counsel. Thus, the Agency counsel had a legitimate business reason for its decision to disclose the file. Further, due to the Regulations requiring the retention of Complainant's reprimand and written counseling for a period of 7 years, the Agency had a legitimate business reasons to retain the records. See The Department of Veterans Affairs Records Control Schedule 10-1, Item Number 3050.6.

The alleged harassing conduct, when viewed collectively, falls far short of the requirement that the conduct be severe or pervasive enough to alter the conditions of Complainant's employment. The incidents about which Complainant complains of may best be described as trivial slights and general workplace disputes which did not unreasonably interfere with Complainant's work performance. *See Lassiter v. Department of the Army*, EEOC Appeal No. 0120122332 (October 10, 2012) (personality conflicts, general workplace disputes, trivial slights and petty annoyances between an alleged harasser and a Complainant do not rise to the level of harassment); *Sharolyn S. v. Department of Veterans Affairs*, EEOC No. 0120152020, *5 (October 3, 2017)

---

[1] The Agency's Records Control Schedule (RCS) 10-1 provides Veterans Health Administration (VHA) records retention and disposition requirements for VHA Central Office, Program Offices, and field facilities.  Records Control Schedule 10-1, Item Number 3050.6, requires that all administrative grievance, disciplinary, performance-based, and adverse action case files be destroyed "no sooner than 7 years after case is closed or final settlement on appeal, as appropriate." Such records include but are not limited to recommended actions, employee's reply to such a recommended action, letters of reprimands, and proposed adverse actions with the employee's reply. See Veterans Affairs Records Control Schedule 10-1, Item Number 3050.6, p. 136.

9

[o]therwise, the federal courts will become a court of personnel appeals") (other quotations omitted). Instead, as described above, the Agency had legitimate, business reasons for taking the challenged actions. Complainant's retaliation allegations consist of conclusory and mere speculative statements, which provide no evidence of retaliatory intent.

Based on the foregoing, all claims must be dismissed.

## VI.   CONCLUSION

A review of the entire record reveals that there are no genuine issues of material facts in dispute and, for the reasons explained above, the complaint is DISMISSED and judgment is hereby entered in favor of the Agency.[2] A Notice to the parties explaining their appeal rights is attached.

It is So Ordered.

For the Commission:

Robert D. Rose
Administrative Judge
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112
212.336.3708
rrose-efilebox@eeoc.gov

---

[2] Agencies are advised to refer to the April 6, 2020 memo issued by Carlton Hadden to the Federal Sector EEO Directors and officials for information and directives regarding the tolling of timeframes during the pandemic. EEOC will not sanction an agency that holds off on taking final actions pursuant to the directives of the memo.

11

### *HOW TO FILE AN APPEAL*

**RECOMMENDED METHOD** – The EEOC highly recommends that you file your appeal online using the EEOC Public Portal at https://publicportal.eeoc.gov/, and clicking on the "Filing with the EEOC" link.  If you have not already registered in the Public Portal, you will be asked to register by entering your contact information and confirming your email address.  Once you are registered you can request an appeal, upload relevant documents (e.g., a statement or brief in support of your appeal), and manage your personal and representative information.  During the adjudication of your appeal, you can also use the Public Portal to view and download the appellate record.  **If you use the Public Portal to file your appeal you do not have to send a copy to the agency.**

BY MAIL – You may mail your written appeal to:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013-8960

BY HAND DELIVERY OR COURIER – You can also hand-deliver or send your appeal by courier service to:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M St., NE
> Washington, D.C. 20507

BY FAX – Finally, you may send it by facsimile to (202) 663-7022.

If you elect to mail, deliver, or fax your appeal you should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what you are appealing.  Additionally, you must serve the agency with a copy of your appeal, and include a statement certifying the date and method by which service to the agency was made.

### COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency.  See 29 C.F.R. § 1614.504.  If Complainant believes that the Agency has failed to comply with the terms of its final action, Complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance.  The Agency shall resolve the matter and respond to the complainant in writing.  If Complainant is not satisfied with the Agency's attempt to resolve the matter, he or she may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action.  Complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after Complainant has served the Agency with the allegations of noncompliance.  A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Tyrone McDowell, a/k/a
Donny F.,[1]
Complainant,

v.

Denis R. McDonough,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 2021001503

Hearing No. 520-2020-00461X

Agency No. 200H-0528-2020101310

<u>DECISION</u>

Complainant filed a timely appeal, pursuant to 29 C.F.R. § 1614.403, from the Agency's final order concerning an equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

At the time of events giving rise to this complaint, Complainant was employed by the Agency as a Health System Specialist at the Veterans Affairs Medical Center in Buffalo, New York.[2]

On January 15, 2020, Complainant filed an EEO complaint alleging he was subjected to unlawful retaliation for prior EEO activity when:

1. On October 31, 2019, Complainant, who had been out on workers compensation, received an order from the Medical Center Director to return to duty no later than November 16, 2019; and

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

[2] The record reflects that Complainant has not worked at the Buffalo VAMC since June 22, 2017.

2.  On December 3, 2019, Complainant was made aware that a reprimand stemming from an incident that took place in July of 2013 was placed into Complainant's employment record.

After its investigation, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant timely requested a hearing. The Agency submitted a motion for a decision without a hearing. The AJ subsequently issued a decision by summary judgment in favor of the Agency.

The Agency issued its final order adopting the AJ's finding of no discrimination.  The instant appeal followed.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact.  29 C.F.R. § 1614.109(g).  An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party.  Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).  A fact is "material" if it has the potential to affect the outcome of the case.  In rendering this appellate decision, we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, de novo.  See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a de novo review…"); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo).

To successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find for Complainant.

The AJ concluded that the evidence of record established that Complainant had not worked at the Buffalo VAMC since Ed had arrived in January 2018. The Executive Director ("ED") explained that Complainant received a Return to Duty ("RTD") letter from him dated October 28, 2019, and subsequently another letter dated November 6, 2019. ED stated that the RTD letters are not adverse actions, but rather an attempt to reconnect with employees who have been in a leave without pay status for a qualifying amount of time. Regarding Complainant's claim that Human Resources was in possession of Complainant's reprimand, the record reflects that the reprimand was purged from Complainant's Electronic Official Personnel File on July 18, 2013.

3                                           2021001503

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

STATEMENT OF RIGHTS - ON APPEAL
RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.   If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**.   A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition.   See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507.   In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period.   See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP).   See 29 C.F.R. § 1614.403(g).   Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

4                                          2021001503

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


February 17, 2022
Date

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

22 CV 843

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*Tyrone McDowell*

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  *Niagara*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  *Erie*
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL INJURY** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | **PERSONAL PROPERTY** | [ ] 720 Labor/Management Relations | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 370 Other Fraud | [ ] 740 Railway Labor Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 371 Truth in Lending | [ ] 751 Family and Medical Leave Act | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 380 Other Personal Property Damage | [ ] 790 Other Labor Litigation | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 385 Property Damage Product Liability | [ ] 791 Employee Retirement Income Security Act | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **PRISONER PETITIONS** | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | **Habeas Corpus:** | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 463 Alien Detainee | **SOCIAL SECURITY** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 510 Motions to Vacate Sentence | [ ] 861 HIA (1395ff) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 530 General | [ ] 862 Black Lung (923) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 535 Death Penalty | [ ] 863 DIWC/DIWW (405(g)) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | **Other:** | [ ] 864 SSID Title XVI | |
| | | [ ] 540 Mandamus & Other | [ ] 865 RSI (405(g)) | |
| | | [ ] 550 Civil Rights | **FEDERAL TAX SUITS** | |
| | | [ ] 555 Prison Condition | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION** | | |
| | | [ ] 462 Naturalization Application | | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e to 2000e-1
Brief description of cause:
*Discrimination, Retaliatory, Harrasment, Hostile Workenvironment based on Race, Color and Reprisal of previous EEO*

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  11/4/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.